UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENISE DUNCAN,

        Petitioner,

v.                                     Case No. 1:05-CV-699
                                     (Criminal Case No. 1:03-CR-289-02)

UNITED STATES OF AMERICA,

                                     HON. GORDON J. QUIST

        Respondent.
_____/

## OPINION

This Court has before it Denise Duncan's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the Motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court.  Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal.  *Id.*  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254).  After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

## I.      Procedural History

On June 16, 2004, Petitioner pled guilty of one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A)(iii).  In her plea agreement, Petitioner substantially waived her rights to appeal and to file a collateral attack.  Specifically, the plea agreement states that:

> The defendant understands that the law affords [her] the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal her sentence as determined by the trial court at sentencing and the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or any ground whatever, in exchange for the concessions made by the United States Attorney's Office in this plea agreement. The defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a post-conviction attack based upon a claim of ineffective assistance of counsel or a claim of newly discovered evidence). This agreement does not affect in any way the right of the U.S. Attorney's Office to appeal the sentence imposed by the Court.

(Plea Agreement ¶ 10.)

On October 13, 2004, Petitioner was sentenced to 168 months incarceration. Petitioner did not appeal her conviction and sentence to the United States Court of Appeals for the Sixth Circuit. Petitioner filed the instant § 2255 motion on October 11, 2005, raising the following grounds for relief: (1) conviction obtained by use of coerced confession; (2) conviction obtained by a violation of the privilege against self incrimination; (3) violation of Sixth Amendment rights because judge enhanced sentence based on possession of weapon; (4) violation of Sixth Amendment rights because judge enhanced sentence based on quantity of drugs; (5) constitutional change because the sentencing guidelines are no longer mandatory; (6) denial of effective assistance of counsel because her counsel was not present during her proffer; (7) denial of effective assistance of counsel because her counsel did not advise her against waiving her right to appeal in the plea agreement; (8) denial of effective assistance of counsel because counsel failed to explain her decision to plead guilty to quantity of drugs; (9) denial of effective assistance of counsel because counsel failed to argue that part of the drug weight was for personal use; (10) violation of Sixth Amendment rights because sentence was based on facts found by a preponderance of the evidence by the judge; (11) violation of Sixth Amendment rights because *Booker* held that federal sentencing guidelines are not mandatory; (12) violation of Sixth Amendment rights because facts relied on at sentencing must be

found by a jury beyond a reasonable doubt; (13) violation of Fifth Amendment rights because facts relied on at sentencing must be found by a jury beyond a reasonable doubt; (14) violation of due process because "[i]f a judicial construction of a criminal statute is unexpected and defensible by reference to the law which has been expressed prior to the conduct in issue (the construction) must not be given retroactive effect;" (15) constitutional change ruling that drug quantities must be proved to a jury or admitted by the defendant; (16) conviction obtained by evidence gained pursuant to an unconstitutional search and seizure.  For the following reasons, the Court rejects each of these grounds and will deny Petitioner's § 2255 motion.

## II.     Discussion

### 1.     Waiver

In her plea agreement, Petitioner substantially waived her right to appeal and collaterally attack her sentence and the manner in which her sentence was determined.  The Court specifically reviewed this waiver with Petitioner at the plea hearing.  (Plea Tr. at 13-14.)  The Court of Appeals for the  Sixth Circuit has explicitly recognized that such a waiver is enforceable.  *See United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (a defendant may waive any constitutional right, including the right to appeal, in a plea agreement).  The plea agreement is not invalidated by subsequent changes in the law, such as the change set out in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005).  *See United States v. Luebbert,* 411 F.3d 602, 603 (6th Cir. 2005); *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 145 (2005) ("[W]here developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature.").  Thus, the Court will not consider grounds three, four, five, ten, eleven, twelve, thirteen, and fifteen because they were waived in the plea agreement.

### 2.      Most Claims are Procedurally Defaulted

Similarly, at her plea hearing, Petitioner waived her right to appeal any other issue other than ineffective assistance of counsel.  At the plea hearing, the Court informed Petitioner that she was waiving her right to appeal:

> Q.      If you plead guilty, and I accept your plea, there will be no trial of any kind. So by pleading guilty here, you're giving up the right to a trial.  Furthermore, you cannot file an appeal on the question of whether you did or did not commit the crime.  The only thing you would be allowed to appeal would be your sentence if you think I did not follow the law at the time of sentencing. Do you understand all of that?
>
> A.      Yes, Your Honor.

(Plea Tr. at 8-9).  Petitioner waived her right to raise all of her claims on direct appeal, and did not file any appeal.  Therefore, all of her claims, except those of ineffective assistance of counsel, are procedurally defaulted.  As the Supreme Court has said, § 2255 petitions are not substitutes for direct appeals.  *See Reed v. Farley*, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994); *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998).  The Supreme Court has imposed strict limitations upon the circumstances under which a guilty plea may be attacked on collateral review.  *See Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610 (1998); *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S. Ct. 2543, 2546-47 (1984).  Because Petitioner failed to challenge the validity of her plea and her other claims on direct appeal, her claims are procedurally defaulted.  *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611; *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).  As such, Petitioner is barred from raising her claims in a § 2255 motion unless she can demonstrate that "cause" and "actual prejudice" existed to excuse her failure to raise the issues on direct appeal, or that a constitutional error at the plea proceedings "has probably resulted in the conviction of one who is actually innocent."  *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611 (citing *Murray v. Carrier*, 477 U.S. 478,

4

488, 106 S. Ct. 2639, 2645 (1986)); *Hampton*, 191 F.3d at 698-99.  To show cause, Petitioner must point to "some objective factor external to the defense" that prohibited her from raising her claims on direct appeal.  *See Murray*, 477 U.S. at 488, 106 S. Ct. at 2645.  To show prejudice, she must demonstrate an error that worked to her actual and substantial disadvantage.  *See Frady*, 456 U.S. at 170, 102 S. Ct. at 1595-96.

Petitioner fails to allege or show that she is actually innocent of the offenses for which she pled guilty.  Likewise, she fails to allege or show that some external impediment prevented her from pursuing her claims on direct appeal.  Moreover, she cannot show prejudice because the issues are without merit.  In order to prevail on her § 2255 motion, Petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea. . . ." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Brecht v. Abramson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999).  Petitioner has not met this burden.  Therefore, the Court will not consider grounds one, two, fourteen, and sixteen because they are procedurally defaulted.

### 3.      Ineffective Assistance of Counsel

The procedural default rule does not apply, however, with regard to claims of ineffective assistance of counsel.  Claims of ineffective assistance of trial counsel are generally not reviewable on direct appeal, because the record may be inadequate to permit review.  *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).  Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal.  *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

The United States Court of Appeals for the Sixth Circuit repeated the test for ineffective assistance of counsel:

A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.

To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

Here, Petitioner fails to show that she was prejudiced by any of the alleged errors of her attorney. Further, she has not asserted actual innocence, so the second prong of *Strickland* is not met at least as to the plea. Petitioner has alleged four grounds why her counsel was ineffective.

a.    **Ground Six**

Petitioner alleges that her counsel was ineffective because he was not present during her proffer (ground six). But Petitioner fails to explain how her proffer would have been different if her counsel had attended. She also does not allege that she would not have proffered the statements if her counsel had been present. Therefore, Petitioner fails to show that she was prejudiced by the absence and the second *Strickland* prong has not been met. *See Davis v. Greiner*, No. 04-4087-PR, 2005 WL 2500690, *9 (2d Cir. Oct. 11, 2005) (no ineffective assistance of counsel where defendant still would have proffered the statements even if he knew the consequences). Therefore, ground six must fail.

**b.     Ground Seven**

Next, Petitioner alleges that her counsel was ineffective because her counsel did not advise her against waiving her right to appeal in the plea agreement (ground seven).  Neither prong of *Strickland* is met here.  First, counsel was not ineffective for not advising Petitioner against waiving her right to appeal.  As her attorney explained at the plea hearing, Petitioner waived this right so as to receive credit for cooperating with the government.

| | |
|---|---|
| Q: | Well, you give up your right to appeal your sentence, ma'am, and you cannot file a 2255, which would be an attack on your sentence, except that you can file a claim for ineffective assistance of counsel. |
| THE COURT: | Why would she give up her right to appeal, Mr. Canady? |
| MR. CANADY: | Your Honor, that was part of the consideration in this matter for the anticipated, although it's not guaranteed, cooperation that she had rendered. . . . |

(Plea Tr. at 14.)  There is a presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, to prevail, the petitioner must meet the burden of showing that counsel's representation fell below an objective standard of reasonableness.  *Strickland,* 466 U.S. at 688-89, 104 S. Ct. at 2064.  The Court must also not indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors.  *Id.* at 690, 104 S. Ct. at 2065-66.  Indeed, trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered "sound trial strategy."  *Id.* at 689, 104 S. Ct. at 2065.  Here, counsel's advice was reasonable under the circumstances, particularly since Petitioner did receive a downward departure for cooperating with the government.  (Sentencing Tr. at 14.)  In fact, prior to the downward departure, Petitioner had a total offense level of 33, with a sentence range of 235 to 293 months.  (Sentencing Tr. at 5.)  After the downward departure, she had a total offense level of 30, and received a sentence of 168 months, much lower than the original range.

Also, Petitioner has failed to show that she was prejudiced by the waiver. Even if Petitioner had filed an appeal, she would not have prevailed, particularly where she pled guilty to the charge and admitted the quantity of drugs. (Sentencing Tr. at 4-5, 20.) Therefore, ground six must fail.

### c.      Ground Eight

Third, Petitioner argues that her counsel was ineffective because he failed to explain to her the consequences of her decision to plead guilty to a quantity of drugs (ground eight). Petitioner fails to show prejudice and does not meet the second *Strickland* prong. At the plea hearing, the Court explained at length the consequences of a guilty plea. (Plea Tr. at 7-9, 14-15.) The Court also confirmed that her attorney had reviewed the sentencing guidelines with her. (Plea Tr. at 12-13.) Furthermore, Petitioner does not allege actual innocence and never asserts that she would not have entered her guilty plea had her attorney explained the consequences of pleading to a certain quantity.

Finally, she alleges that she was sentenced above the actual charge, but that allegation is false. In her indictment, she was charged with a quantity of "50 grams or more" of a mixture containing a detectable amount of cocaine base ("crack" cocaine). At the sentencing hearing, she was held accountable for a quantity between 150 grams and 500 grams. (Sentencing Tr. at 4.) Therefore, she was not held accountable for a quantity more than that set forth in the indictment. Thus, ground eight must fail.

### d.      Ground Nine

Lastly, Petitioner claims that her counsel was ineffective because he failed to argue that part of the drug weight was for personal use (ground nine). First, a court may properly consider drugs for personal use in computing quantity at sentencing. *See United States v. Page*, 232 F.3d 536 (6th Cir. 2000). Therefore, Petitioner's counsel's performance was not deficient. Second, because Petitioner admitted to the full quantity of drugs, she fails to show that she was prejudiced by this alleged error. Therefore, ground nine must fail.

8

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

9

constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

**IV.    Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because she has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated:  November 15, 2005                              /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE